NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Contel Global Marketing, Inc., : | | |
| : | **Civil Action No. 01-238 (SRC)** | |
| Plaintiff, : | | |
| : | **OPINION** | |
| v. : | | |
| : | | |
| Cortera, et al., : | | |
| : | | |
| Defendants. : | | |
| : | | |

**CHESLER**, District Judge

     This matter comes before the Court upon Contel Global Marketing, Inc.'s ("Plaintiff") motion to compel defendants Aldo Pesce Cotera, Clear River Corporation, Nova Agencia DeCarga, S.A. and Agricola Punta Arenas Lida (collectively, "Defendants") to continue with arbitration proceedings before Kevin Condon and Manual Garcia-Linares, Esq. [Doc. No. 91.] Also currently pending before this Court is Defendants' motion to compel enforcement of the Consent Order signed December 15, 2006 [Doc. No. 85 ("Consent Order")] as written. [Doc. No. 90.] The Court referred the motions to Magistrate Judge Michael Shipp for a report and recommendation that was entered on the docket pursuant to 28 U.S.C. § 636(b)(1) on July 16, 2010. [Doc. No. 100 ("Report and Recommendation").] Defendants submitted a timely objection to the Report and Recommendation, and Plaintiff thereafter responded to Defendants' objection. This Court has considered the papers submitted by the parties in connection with the motions and with Judge Shipp's Report and Recommendation. Following a *de novo* review of

those matters in the Report and Recommendation to which objection has been filed, and for the reasons discussed below, this Court adopts the July 16, 2010 Report and Recommendation and grants Plaintiffs' motion to compel Defendants to continue with arbitration proceedings in front of Condon and Garcia-Linares and denies Defendants' motion to compel enforcement of the Consent Order.

Judge Shipp's Report and Recommendation required the parties to continue their arbitration before a "legal" and an "accounting" arbitrator. Defendants withdrew from the proceeding based upon their conclusion that the arbitrators had breached their engagement agreement (by rendering decision adverse to Defendants).

The arbitration occurred under the auspices of the Consent Order which set forth a procedure for selecting a single arbitrator who would determine both legal and accounting issues. After approximately one year of being unable to select a single individual who would deal with both issues, the parties agreed to an alternate procedure—one not set forth in the Consent Order. They agreed to select one "legal" arbitrator and one "accounting" arbitrator, and agreed upon the individuals selected.

The "legal" arbitrator ultimately recommended to the "accounting" arbitrator that various documents proffered by Defendants not be considered by the accounting arbitrator because, inter alia, they had not previously been produced by Defendants. The accounting arbitrator concurred. Defendants then withdrew from the arbitration and these proceedings transpired.

## Discussion

Title 28 U.S.C. § 636(b)(1) authorizes a district judge to designate a magistrate judge to

conduct hearings and submit proposed findings of fact and recommendations for the disposition of certain motions.  28 U.S.C. § 636(b)(1)  Within ten days of being served with the magistrate judge's Report and Recommendation, any party may file objections to the Report and Recommendation.  Id.  The statute provides that, in the event an objection is submitted,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Id.

This Court will not review the factual background as it has been amply set forth by Judge Shipp's thorough and thoughtful Report and Recommendation.  As noted above, Judge Shipp has recommended that the parties be ordered to continue the arbitration proceedings.  Defendants' objections are numerous and in this Court's view, baseless.

Essentially Defendants argue that, since the Consent Order provided for one arbitrator, and the parties ultimately decided to use two arbitrators, the arbitration was not pursuant to the Consent Order, was essentially a nullity, and the Court is without power to require it to proceed.  Judge Shipp correctly concluded that this is sheer nonsense.  The parties agreed to the slightly modified procedure, and started their arbitration under it.  Only after Defendants received an adverse ruling did Defendants withdraw.  As Judge Shipp correctly concluded, although a consent decree is to be construed akin to a contract, and a court "should not impose terms when the parties did not agree to those terms," *Holland v. N.J. Dep't of Corr.*, 246 F.3d 267, 281 (3d Cir. 2001), such is not the case here.  Despite Defendants' protestations to the contrary,

3

uncontested evidence demonstrates that *both* parties agreed to the modified procedure and arbitrated under it. This Court indeed has "equitable discretion to enforce the obligations imposed on the parties," *United States v. Local 359, United Seafood Workers*, 55 F.3d 64, 69 (2d Cir. 1995), especially when the enforcement rather than merely satisfying the "purposes of one of the parties to it," *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971), actually reflects "the parties' practice under it." *Local 359*, 55 F.3d at 69.

The Court is also satisfied that Judge Shipp did not improperly resolve contested issues of fact by rejecting Defendants' contention that the two arbitrator proceeding was "experimental." In the submissions to Judge Shipp there was absolutely nothing evidencing such an understanding. Moreover, counsel's belated evidentiary submission supporting their contention is woefully deficient. Indeed, as opposing counsel correctly points out, the assertion that the "experimental" nature of the process was "implicit" in counsel's communications, admits that there were in fact no actual discussions of such a nature. Furthermore, the contention is patently incredible. Indeed accepting Defendants' position would mean that the parties, despite their written communications, had not agreed to proceed with any arbitration. Rather, apparently in Defendants' view the "experiment" would only be a success if they won and could be rejected if they thought they had lost. In short, Judge Shipp quite properly concluded that the agreement to use a modified procedure had been firmly made.

The Court is also satisfied that Judge Shipp's conclusion that Defendants' objections to the arbitrators decision could not be met by Defendants' unilateral decision to walk out regardless of the claim that the decision violated the parties' contract with the arbitrators. Any such contention would only be proper for consideration on an application to confirm or to vacate

4

the arbitration award.

Finally, Judge Shipp properly concluded that Defendants were estopped from contesting their obligation to proceed under the revised procedures. Judge Shipp determined that Defendants urged the parties to retain two arbitrators and represented that this was in compliance with the Consent Order. Plaintiff expended fees and time in pursuit of the arbitration which the parties agreed to, and participated in, until Defendants declared them a nullity.

In short, no court in good conscience, after reviewing this record, could conclude that Defendants, having induced Plaintiff to arbitrate in good faith, should now be permitted to declare a "do-over" because they do not like the arbitrator's rulings.

## Conclusion

For the foregoing reasons, Judge Shipp's Report and Recommendation is hereby adopted in full. An appropriate order will issue.[1]

        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

DATED: September 30, 2010

---

[1] Plaintiff has consented to post the $3,000,000 bond required by the Consent Order and will be ordered to do so. Plaintiff's request for sanctions will be denied, without prejudice to further consideration under either Rule 11 or title 28 U.S.C. § 1927 if circumstances warrant it.